UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                       Case No. 98-CR-222

JEROME BROUGH,

    Defendant.

---

DECISION AND ORDER
DENYING JEROME BROUGH'S MOTION PURSUANT TO A HAZEL-ATLAS
INDEPENDENT ACTION BASED UPON A FRAUD COMMITTED ON THIS COURT

        Ten years ago Jerome Brough was convicted following an eight-day bench trial on one count of conspiracy to possess with intent to distribute in excess of one kilogram of heroin and one count of conspiracy to possess with intent to distribute in excess of 50 grams of crack cocaine. He was sentenced to concurrent life terms.[1] Brough filed a direct appeal, and his judgment of conviction was affirmed on March 22, 2001. *United States v. Brough*, 243 F.3d 1078 (7th Cir.), *cert denied,* 122 S. Ct. 203 (2001). Brough then filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence based upon ineffective assistance of counsel. This court denied the motion in an order dated August 4, 2004, and the Seventh Circuit Court of Appeals denied Brough's request for a certificate of appealability. Next, Brough filed the pending MOTION PURSUANT TO A HAZEL-ATLAS INDEPENDENT ACTION BASED UPON A FRAUD

---

[1] The court recently granted Brough's unopposed motion to reduce his sentence from life to 360 months based on the retroactive application of the sentence guidelines to a crack cocaine offense pursuant to 18 U.S.C. § 3582.

COMMITTED ON THIS COURT. After due consideration of the parties' submissions, the transcripts and documents on file, the motion will be denied.

Brough acknowledges that he was convicted on two separate counts of conspiracy to possess within intent to distribute heroin and conspiracy to possess with intent to distribute cocaine base. Nevertheless, he maintains that Assistant United States Attorney Daniel Sanders "intentionally misrepresented material facts during Petitioner's § 2255 proceedings." Specifically, Brough argues:

> During Petitioner's post-conviction proceedings A.U.S.A. Sanders took the new position that Petitioner had engaged in two separate and distinct conspiracies. The first, beginning on or about 1995, and continuing until sometime in 1999, which involve [sic] a plethora of controlled substances including heroin, crack cocaine, cocaine powder, and marijuana. The second conspiracy begining [sic] on or about sometime in 1997, or 1998 and lasting a short time, which involved primarily crack cocaine.
>
> A.U.S.A. Sanders' new position is not only unsupported by the record, it is in fact completely contrary to the Government's theory at trial and throughout Petitioner's direct appeal. As a result of A.U.S.A. Sanders' fraud on the court Petitioner's § 2255 motion was subsequently denied. That decision by this Honorable Court was then, and still is "tainted" by the fraud committed on this court by an officer of the court.

Although Brough filed and the court decided the § 2255 motion, he argues that the alleged fraud claim is actionable under the Rule 60(b) Savings Clause of the Federal Rules of Civil Procedure.

The first obstacle for Brough is that he has invoked Rule 60(b) of the Federal Rules of Civil Procedure in his criminal case. Although he is challenging the government's response to his § 2255 motion, the pending motion was filed in criminal case number 98-CR-222. Moreover, he is arguing for the first time in the criminal case that the government

committed fraud upon the court. Brough referred to the government's "new theory" in his reply and amended reply filed in support of his § 2255 motion but never suggested that raising this theory constituted fraud upon the court. Indeed, he waited a little over three and a half years before arguing fraud.

To the extent that the court has the inherent power to address fraud in the proceedings before it, Brough cannot meet the very high burden required to prevail on his claim. Only clear and convincing evidence can justify granting his motion. *Ty Inc. v. Softbelly's, Inc.*, 517 F.3d 494, 498 (7th Cir. 2008); *see also Herring v. United States*, 424 F.3d 384, 386 (3rd Cir. 2005) (noting that a Hazel-Atlas motion is available only for "the most egregious misconduct directed to the court itself," and it "must be supported by clear, unequivocal and convincing evidence"). Brough maintains that Assistant United States Attorney Sanders, who did not file or sign the response to his § 2255 motion, committed fraud upon the court by arguing a new theory of the case. However, there simply is no support in this record for the proposition that "a new theory" somehow constitutes unequivocal and convincing evidence of egregious misconduct.

Ultimately, nothing in Brough's arguments undermines the integrity of the verdict. The superseding indictment upon which the case was tried, set forth two counts of criminal conspiracy and this court found Brough guilty beyond a reasonable doubt on each count and sentenced him to concurrent terms. Moreover, pages 8-10 of this court's order denying Brough's § 2255 motion discuss the evidentiary bases for the two convictions. To the extent that the pending motion is an attempt to file a second § 2255 motion or to revisit the multiplicity issues raised in the first habeas motion, it is impermissible without leave of the Seventh Circuit Court of Appeals. For these reasons,

IT IS ORDERED that Jerome Brough's motion pursuant to a Hazel-Atlas independent action for fraud committed on the court is denied.

Dated at Milwaukee, Wisconsin, this 16th day of November, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE